IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Pelham Square Condominium Owners Association, Inc., </br></br> Plaintiff, </br></br> v. </br></br> State Farm Fire and Casualty Company, </br></br> Defendant. | C/A No. 6:20-cv-01431-DCC </br></br> **OPINION AND ORDER** |

This matter is before the Court on State Farm Fire and Casualty Company's ("Defendant") Motion for Summary Judgment. ECF No. 38. Pelham Square Condominium Owners Association, Inc. ("Plaintiff") filed a Response in Opposition. ECF No. 45. Defendant filed a Reply to Plaintiff's Response. ECF No. 46. For the reasons set forth below, the Motion is granted in part and denied in part.

## BACKGROUND

Plaintiff is a condominium owners association located in Greenville, South Carolina that governs a property located at 100 Pelham Square Way, Greer, South Carolina 29650, consisting of ten buildings of condominium units. ECF Nos. 1 at 5–6; 38-1 at 1; 45 at 1. Defendant is an insurance company that transacts business in Greenville County, South Carolina and insures Plaintiff's property at issue in this case. ECF Nos. 1 at 5–6; 4 at 1.

Plaintiff brings this action[1] against Defendant for breach of contract and breach of the implied covenant of good faith and fair dealing based on an insurance contract (the "Policy") entered between the parties.  In its Complaint, Plaintiff alleges that it sustained a direct physical loss of, or damage to, the roofs, shutters, and vinyl siding on its condominium buildings on or about March 21, 2017, as a result of a severe hailstorm.  ECF Nos. 1 at 6; 45 at 2.  Plaintiff claims the Policy was in effect at the time of the loss, that it promptly notified Defendant, and that it filed a claim to repair or replace the damaged property pursuant to the Policy.  ECF No. 1 at 6.  During its adjustment of the claim, Defendant paid to replace the damaged vinyl siding as well as the undamaged vinyl siding on the sides of the buildings which sustained hail damage.  ECF No. 46 at 12.  However, once the replacement work was completed, Plaintiff contends Defendant observed noticeable differences between the siding that was replaced and the existing siding but refused to replace all of the sides of each building in accordance with its claim handling guidelines.  ECF No. 45 at 3–4; *see* ECF No. 45-2 at 5.

Moreover, Plaintiff claims Defendant failed to pay for pieces of damage found in the inner breezeway of one of the buildings and only paid to detach and reset damaged shutters rather than repairing or replacing them as required by the Policy.  *Id.*  As a result, Plaintiff asserts Defendant failed to properly investigate and pay its claim under the terms of the Policy.  ECF No. 1 at 9.  In doing so, Plaintiff further alleges Defendant acted in bad faith in breach of the implied covenant of good faith and fair dealing.  *Id.* at 10–11.

---

[1] Plaintiff originally filed this action in the Greenville County Court of Common Pleas on March 19, 2020.  ECF No. 1 at 4–12.  Defendant removed the case to this Court on April 15, 2020 based on diversity jurisdiction pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441.  *Id.* at 1–3.

Consequently, Plaintiff contends Defendant's conduct caused damage in at least the amount of $284,893.12. *Id.* at 11. It is undisputed that Defendant has already paid $575,010.00 on Plaintiff's insurance claim. ECF No. 38-2 (Exhibit A to Defendant's Motion for Summary Judgment outlining payments from carrier). Plaintiff also alleges actual and consequential damages as to its breach of the implied covenant claim. ECF No. 1 at 11.

Defendant filed a Motion for Summary Judgment on Plaintiff's claims on June 4, 2021. ECF No. 38. Plaintiff filed a Response in Opposition on July 2, 2021. ECF No. 45. Defendant filed a Reply to Plaintiff's Response on July 8, 2021. ECF No. 46. Following briefing by the parties, the Motion is now before the Court.

## **APPLICABLE LAW**

### *Summary Judgment Standard*

Rule 56 states, as to a party who has moved for summary judgment, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477

3

U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings.  *Id.* at 324.  Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue.  *Id.*  Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion.  *Anderson,* 477 U.S. at 252.  Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion.  *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985), *overruled on other grounds*, 490 U.S. 228 (1989).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.  Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).  Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce evidence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## **DISCUSSION**

In the Policy entered into between the parties, Defendant agreed to compensate Plaintiff "for accidental direct physical loss to [the] Covered Property at the premises described in the Declarations caused by any loss as described under SECTION I – COVERED CAUSES OF LOSS."  ECF Nos. 1 at 8, 10; 45-1 at 43.  The Policy defines "specified causes of loss" to include windstorm or hail.  ECF 45-1 at 62.  The Policy further provides that Defendant will, at its option, "pay the cost of repairing or replacing the lost or damaged property . . . with other property of comparable material, quality and used for the same purpose."  *Id.* at 58.

Defendant's Operation Guide 75-100, which contains claims handling guidelines, provides that "[c]laim handlers should use judgment on each claim when determining whether replacement exterior building materials provide a reasonably consistent appearance with undamaged materials of the same type on the exterior of the home."[2] ECF No. 45-2 at 5; *see* ECF No. 46 at 1–2.  In making this determination, the guidelines state claim handlers "should take into consideration criteria such as age, fading, obsolescence, deterioration, color, style, size, texture or any number of other factors related to an individual claim."  ECF No. 45-2 at 5.  Specifically, if it is determined that "replacement exterior building materials do not provide a reasonably consistent appearance to other undamaged materials of the same type on the exterior of the home,

---

[2] The relevance of Defendant's claims handling guidelines will be discussed in further detail below.

the cost of the undamaged materials should be included in, or added to the calculation of the [actual cost value] or [replacement cost] payment." *Id.*

## I. Breach of Contract

Defendant argues that it is entitled to summary judgment on Plaintiff's breach of contract claim because the Policy does not require payment for repair or replacement of undamaged property. ECF No. 38-1 at 5. Defendant focuses on the part of Plaintiff's claim concerning the replacement of some, but not all, of the vinyl siding on the damaged buildings and the fact that the replaced siding does not match the unreplaced siding. *Id.* Defendant claims that it paid for all direct physical losses as required by the Policy and that nothing in the Policy requires Defendant to pay to repair or replace undamaged property in order to improve the appearance of the buildings. *Id.* at 6.

Moreover, Defendant contends the estimate on which Plaintiff's breach of contract claim is based is inadmissible hearsay evidence because the person who prepared the estimate is unknown. *Id.* at 7–8. Defendant explains that Plaintiff indicated in its response to a written deposition question that John Anderson prepared the estimate for Premier Claims, Plaintiff's agent and public adjuster. *Id.* at 7. However, when Defendant deposed Mr. Anderson, he testified that he did not prepare the estimate and does not know who prepared it. *Id.* Defendant asserts Plaintiff has not amended its response to this question, so the identity of the person who prepared the estimate remains unknown. *Id.* Under these circumstances, Defendant argues the estimate is inadmissible hearsay and should be excluded from evidence. *Id.* at 7–8.

Even if the estimate is admissible, Defendant argues that it was created for the purpose of returning Plaintiff to its pre-loss condition. *Id.* at 8. Defendant explains that

6

Plaintiff's Rule 30(b)(6)[3] representative testified that the vinyl siding on Plaintiff's condominium buildings was not uniform in appearance prior to the hailstorm due to fading from uneven exposure to sunlight. *Id.* 8–9. As a result, Defendant claims that the pre-loss condition—i.e., mismatched vinyl siding—is the same condition that currently exists. *Id.* at 10. Therefore, Defendant argues Plaintiff is seeking a betterment because a replacement of all vinyl siding would put Plaintiff in a better position than it was in prior to the damage caused by the hailstorm. *Id.*

In contrast, Plaintiff contends there are genuine issues of material fact as to whether Defendant is obligated to pay for the replacement of undamaged property. ECF No. 45 at 7. Plaintiff claims that under the Policy, Defendant was responsible for paying "the cost to replace, on the described premises, the lost or damaged property with other property of comparable material, quality and used for the same purpose." ECF Nos. 45 at 7; 45-1 at 58. Specifically, Plaintiff argues Defendant's claims handling guidelines instructed Defendant to determine whether replacement exterior building materials "provide a reasonably consistent appearance to other undamaged materials of the same type on the exterior of the home," and if not, "the cost of the undamaged materials should be included in, or added to the calculation of the [actual cash value] and [replacement cost] payment." ECF Nos. 45 at 7–8; 45-2 at 5. In evaluating the claim, the guidelines further state Defendant "should take into consideration criteria such as age, fading, obsolescence, deterioration, color, style, size, texture or any number of other factors related to an individual claim." ECF No. 45-2 at 5. Because Defendant observed a visual difference between the replaced and unreplaced siding, Plaintiff maintains that, under the

---

[3] Fed. R. Civ. P. 30(b)(6).

7

guidelines, Defendant should have replaced all of the vinyl siding on each building because the replacement was not of the same size, Dutch lap design, grain, or bend location as the original siding. *See* ECF No. 45 at 9–11. Further, Plaintiff claims Defendant failed to properly compensate for damaged shutters and other damage found in the breezeway of one of the buildings. *Id*. Plaintiff contends Defendant paid only for the shutters to be detached and reset rather than repaired or replaced as required under the Policy. *See id.* at 11–12.

Plaintiff also argues that its estimate by Premier Claims is admissible because the author of the estimate is known and was disclosed to Defendant during discovery. *Id.* at 13. Regardless, Plaintiff maintains the estimate is admissible under Federal Rule of Evidence 803(6) as a record of a regularly conducted activity. *Id.* at 14. Plaintiff explains that the estimate was made at or near the time of the loss by someone with knowledge during the regular course of activity for Premier Claims. *Id.* As a result, Plaintiff contends there is a genuine issue of material fact as to the amount of damages Plaintiff has suffered resulting from the hailstorm. *Id.* at 15.

After fully considering the arguments of the parties and the exhibits offered in support of same, the Court finds that genuine issues of material fact exist as to whether Defendant was obligated under the Policy to pay to repair or replace damage found in the breezeway of one of the buildings and damage to the buildings' shutters. The Court further finds that genuine issues of material fact exist as to whether there are differences between the replaced and unreplaced vinyl siding such that Defendant was obligated under the terms of the Policy to pay to replace all of the siding. As to this issue, Defendant's claims handling guidelines may be relevant as to Defendant's obligations

under the Policy because they purport to provide certain criteria claim handlers should use in adjusting a claim for accidental direct physical loss to a dwelling property. *See Fowler v. State Farm Fire & Cas. Co.*, 2008 WL 3050417, at *4 (S.D. Miss. July 25, 2008) (holding evidence of claims-handling guidelines may be admissible). In fact, Defendant appears to have followed the guidelines when replacing the damaged sides of the buildings because it replaced the entire side rather than the individual damaged strips. Moreover, the Court finds Plaintiff's estimate prepared by Premier Claims could be admissible evidence pursuant to Federal Rule of Evidence 803(6) as a record of a regularly conducted business activity.[4] Accordingly, Defendant's Motion for Summary Judgment on Plaintiff's breach of contract claim must be denied.

## II. Breach of the Implied Covenant of Good Faith and Fair Dealing

Defendant argues that it is entitled to summary judgment on Plaintiff's breach of the implied covenant of good faith and fair dealing claim because Defendant had a reasonable basis for the amount that it paid on Plaintiff's insurance claim, which included the cost of the siding that was replaced. ECF No. 38-1 at 11. Defendant contends the Policy only requires it to pay for "direct physical loss" and that it was not required to pay for undamaged vinyl siding. *Id.* at 14. Defendant emphasizes that Plaintiff's Rule 30(b)(6) representative and its agent and public adjuster at Premier Claims both conceded that Defendant did not owe the $1,130,482.00 amount provided in the estimate and they did not know how Plaintiff reached the $284,893.00 damages amount alleged in the

---

[4] The Court acknowledges Defendant has filed a Motion in Limine which includes the issue of the admissibility of Premier Claims' estimate. ECF No. 49. However, the Court declines to reach the full merits of Defendant's Motion until closer to the time of trial. Accordingly, the Court's decision as to this Motion should not be construed to finally resolve any of the issues raised in Defendant's Motion in Limine.

Complaint. *Id.* at 11–12. Therefore, because Defendant had a reasonable basis for not paying to replace the undamaged siding, Defendant contends it is entitled to summary judgment on this claim. *Id.* at 14.

On the other hand, Plaintiff argues that Defendant had no reasonable basis for its failure to pay the claim in full. ECF No. 45 at 16. Plaintiff contends Defendant disregarded the terms of the Policy, its claims handling guidelines, and its prior conduct during the adjustment of the claim when it refused to properly compensate Plaintiff for repairs to its vinyl siding. *Id.* Plaintiff explains that much of Defendant's argument relies on the deposition testimony of several witnesses who indicated that they could not differentiate between the replaced and unreplaced siding when viewing photographed exhibits of the buildings. *Id.* However, a representative for Defendant testified that he could distinguish between the replaced and unreplaced siding; thus, Plaintiff argues Defendant had no reasonable basis for failing to pay the full amount of the claim to replace all of the siding. *Id.* at 18. Plaintiff further claims Defendant had no reasonable basis for failing to repair damages to the shutters because they were clearly covered losses under the Policy. *Id.* at 19. Therefore, under these facts, Plaintiff asserts that a jury could find Defendant breached its duty of good faith and fair dealing. *Id.*

As previously stated, the Court finds there are genuine issues of material fact regarding the alleged difference between the replaced and unreplaced vinyl siding and whether Defendant was obligated under the Policy to pay to replace the siding in its entirety. Again, Defendant's claims handling guidelines may be relevant in making this determination. Further, there are genuine issues of material fact as to whether Defendant's refusal to pay to repair or replace the damaged shutters and other damage

found in the breezeway constitutes bad faith in breach of the implied covenant. Therefore, Defendant's Motion for Summary Judgment on Plaintiff's claim for breach of the implied covenant of good faith and fair dealing must be denied.

### III. Consequential Damages

Defendant argues Plaintiff is not entitled to an award of consequential damages because Plaintiff cannot demonstrate bad faith or unreasonable action by Defendant, and the damages Plaintiff claims that it incurred are unsubstantiated. ECF No. 38-1 at 15–16. In Interrogatory No. 15, Defendant requested Plaintiff to set forth all consequential losses or damages claimed. *Id.* at 15. Plaintiff responded that it "suffered consequential damages in the form of lost business profits, including lost rental income, [and] reductions in property value." *Id.* Defendant relies on Plaintiff's Rule 30(b)(6) representative's deposition testimony in which he conceded that Plaintiff's request for consequential damages was "plainly wrong." *Id.* Because Plaintiff has not suffered a loss in business profits or rental income, and there have been no reductions in property value, Defendant argues that it is entitled to summary judgment on this claim. *Id.*

In contrast, Plaintiff claims that a genuine issue of material fact exists as to whether it is entitled to damages for diminution of value, or loss of value, to the property, because of the damage caused by the hailstorm. ECF No. 45 at 15. Plaintiff cites to the Policy's exclusion for loss of value for computer programs and electronic data to argue that no exclusion exists in the Policy for loss of value to real property. *Id.* at 15–16. Plaintiff disputes Defendant's characterization of its Rule 30(b)(6) representative's testimony, arguing that he indicated there could be a reduction in property values for the association as a whole due to the improper siding. *Id.* at 20.

The Court finds there is no evidence in the record that Plaintiff has suffered a loss in business profits or rental income or a reduction in property value due to Defendant's conduct in handling its insurance claim. Indeed, Plaintiff's Rule 30(b)(6) representative provided deposition testimony that is contradictory to Plaintiff's claim for consequential damages. Regardless, the Policy clearly does not cover loss of value or lost profits in this context. Therefore, Defendant's Motion for Summary Judgment must be granted on Plaintiff's claim for consequential damages.

## **CONCLUSION**

For the reasons set forth above, Defendant's Motion for Summary Judgment [38] is **GRANTED IN PART AND DENIED IN PART**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

November 9, 2021
Spartanburg, South Carolina